YORK COUNTY MUTUAL FIRE INSURANCE COMPANY *versus* GEORGE W. KNIGHT.

Where the by-laws of a mutual insurance company require that " notice of assessments, or classes of property to be assessed, shall be given by the treasurer and published in one or more newspapers printed in the county of York, three weeks successively, the last publication of which shall be not less than six days prior to the time fixed for the payment," &c., the following notice — " The members of the third class of the York County Mutual Fire Insurance Company are hereby notified, that the directors of said company have ordered an assessment on the members of said class, payable on or before the 15th of February, 1857, with interest thereafter," dated and signed by the treasurer, is sufficient.

The provisions of the charter of an insurance company, incorporated in 1852, are not affected by chapters seventy-six and seventy-nine of the Revised Statutes of 1841, so far as they are inconsistent therewith.

Although c. 79 of R. S. of 1841, requires a *demand* before a mutual insurance company can maintain an action for an assessment, yet, if the charter subsequently enacted, provides that such action may be brought after *notice* in a paper, the provisions of the charter control the statute.

ON REPORT.

ASSUMPSIT on a promissory note given to the plaintiffs. The facts are stated in the opinion.

*John M. Goodwin,* for plaintiffs.

*Appleton & Goodenow,* for defendant.

1. The plaintiffs have not given the *notice* required in the ninth section of their charter. The fair construction is, that

there shall be *actual notice* before the suit can be brought. The notice proved was given *in a country paper*, and does not state the amount claimed, nor. the per centage, nor anything from which the sum due could be computed.

2. No *demand* was made prior to the commencement of the suit.

A demand,. thirty days before suit brought, is a condition precedent to the maintenance of the action. R. S. of 1840, c. 79, § 29; R. S. of 1857, c. 49, § 30.

The plaintiffs' charter (sec. 17) makes the company subject to. the laws of the State in relation to corporations.

Section nine of their charter, in connection with article four of their by-laws, provides for *notice* of their assessments. But the general law requires a *demand* also. Both must be proved. They are not incompatible. If they are, the charter being expressly made subject to the general law, the .former must yield to the latter.

The opinion of the Court was drawn up by

APPLETON, J. — This is an action of assumpsit upon a deposit note of which the following is a copy : —

"For value received in Policy No. 1722, dated the twentieth day of March, 1854, issued by the York County Mutual Fire Insurance Company, I promise to pay said company or their Treasurer for the time being, the sum of one hundred and eight dollars, in such portions and at such time or times as the directors of said company may, agreeably to their Act of incorporation and by-laws, require.

"$108,00."                          " Geo. W. Knight."

By Art. 4 of the by-laws, "Notice of assessments or classes of property to be assessed, shall be given by the treasurer, and published in one or more newspapers printed in the county of York, three weeks successively, the last publication of which shall not be less than six days prior to the time fixed for the payment, and may be published in such other newspaper or newspapers as the directors may deem necessary or expedient."

By the plaintiffs' charter of incorporation, § 9, it is provided that " all assessments shall be determined by the directors, and the sum to be paid by each member shall always be in proportion to the original amount of his deposit note, of the class in which his property is embraced, and shall be paid to the treasurer within thirty days next after notice of said assessment shall have been published; and, if any member of said company, or his legal representatives, shall, for the space of thirty days *after notice,* neglect to pay the sum assessed upon his note, in conformity to this Act, the *directors may sue for and recover the whole amount of said deposit note, with costs of suit."*

It is objected, that the plaintiffs are not entitled to recover, because the notice given of the assessments was insufficient, and because there was no demand for assessments before the suit was instituted.

(1.) The notice, as published in the paper designated by the directors, was as follows :—

" The members of the third class of the York County Mutual Fire Insurance Company are hereby notified, that the directors of said company have ordered an assessment on the members of said class, payable on or before the 15th of February, 1857, with interest thereafter.

" Abner Oakes, *Treasurer.*
" South Berwick, Jan'y 16, 1857."

The charter and by-laws of the plaintiff corporation, so far as applicable to the questions now under consideration, are almost verbally identical with those referred to in *Atlantic Fire Insurance Company* v. *Saunders,* 36 N. H., 253. In that case, referring to the notice, which was similar to the one before us, BELL, J., says, " the notice shown in the case seems an exact and literal compliance with the by-law before recited. It is a notice of the assessment, and it designates the class, and, whatever may be our opinion as to the expediency, in such associations, of giving men full and definite notice of such assessments, the by-law requires no more than was done."
" From the nature of the case, it seems that notice of the sum

to be paid on each premium note could not be intended, since the number of policies issued by some of these companies amounts to thousands, and no newspaper, in some such cases, could contain the notice."

(2.) It is apparent, if the notice is sufficient, that the plaintiffs would be entitled to recover by virtue of section nine of their charter, unless the general provisions of R. S., 1841, c. 79, § 29, reënacted in the revision of 1857, c. 49, § 30, by which authority is given to maintain a suit for an assessment remaining unpaid, "for thirty days *after demand* made by any agent of the company on any person liable to pay the note," are applicable and must control the charter.

This result is claimed from the language of the plaintiffs' charter, § 17, which provides, that "this Act shall be subject to all the provisions and restrictions of the laws of this State *in relation to corporations.*"

The plaintiffs were incorporated by an Act, approved March 30, 1852. The Act referred to was R. S., 1841, c. 76, "Of Corporations," which contains no requirement of a demand before the commencement of a suit for assessments. There is no inconsistency between the plaintiffs' charter and the chapter "Of Corporations," referred to in its seventeenth section. The section cited does not refer to R. S., 1841, c. 79, as the argument of the counsel for the defendant seems to suppose, but to c. 76, which relates to "corporations."

Further, by R. S., 1841, c. 79, § 1, it was provided, that "all insurance companies now or hereafter incorporated in this State, may exercise the powers, and shall be subject to the duties and liabilities contained in this chapter, and in chapter seventy-six, respecting corporations, *as far as consistent with the provisions of their respective charters.*" The laws of the State may be repealed or modified as the Legislature may deem expedient. It was unnecessary to reserve this right. But it seems to have been expressly done. The Legislature might grant charters with powers more or less limited. They have authorized the plaintiffs to maintain an action in certain cases, for assessments, without requiring a *demand* on the de-

fendant. By becoming a member, he has assented to the terms of the charter and of the by-laws, as then legally established, by which the notice, as published, is made a sufficient demand.

By the agreement of parties, *the case is to stand for trial.*

TENNEY, C. J., and CUTTING, MAY, GOODENOW, and DAVIS, JJ., concurred.